**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IMPERIAL ZINC CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-01015-AGF |
| | ) | |
| ENGINEERED PRODUCTS | ) | |
| INDUSTRIES, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

The amended complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the matter in controversy exceeds the sum of $75,000. The amended complaint alleges that Plaintiff Imperial Zinc Corp. is an Illinois corporation "engaged in the business of manufacturing and selling zinc goods in Cook County, Illinois." (Doc. No. 7 at 1-2.) Regarding the citizenship of Defendants, the amended complaint alleges that Defendant Engineered Products Industries, L.L.C. ("Engineered Products") is a

"Missouri limited liability company" whose "member is EFR, L.L.C., a Missouri limited liability company," and "[u]pon information and belief, EFR, L.L.C.'s member is Edward F. Ryan, a Missouri citizen"; and Defendants John Doe 1 and John Doe 2 are citizens of Missouri. *Id.* at 2-3.

Defendant Engineered Products filed its answer to the amended complaint on January 19, 2015, and a few days later, filed a Disclosure of Organizational Interests Certificate, as required by Local Rule 3-2.09. In its disclosure certificate, Engineered Products lists all of its members, including not only EFR, L.L.C. but also several other trusts, limited partnerships, limited liability companies, and individuals. (Doc. No. 23.) The disclosure certificate does not trace through the citizenship of each of Engineered Products' limited liability company and limited partnership members.

Engineered Products' disclosure certificate calls into question the sufficiency of Plaintiff's jurisdictional allegations. For the purpose of diversity, limited liability companies and limited partnerships do not have their own citizenship. Rather, a limited liability company's citizenship is the citizenship of all of its members, and a limited partnership's citizenship is the citizenship of all of its partners, both general and limited. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991). Moreover, "when an unincorporated entity such as a limited liability company has a multiple-layer ownership structure, the citizenship of the entity must be traced through however many layers of partners or members there may be." *Fountain Plaza Fin., LLC v. Centrue Bank*, No. 4:14CV01388 AGF, 2014 WL 5420793, at *2 (E.D. Mo. Oct. 22, 2014) (citations

omitted). Thus, in order to determine whether complete diversity of citizenship exists in this case, the Court must trace through the citizenship of each limited liability company and limited partnership member of Engineered Products, however many layers of members and partners there may be. The amended complaint contains no allegations concerning any member of Engineered Products other than EFR, L.L.C., or these members' citizenship.

The Court will grant Plaintiff seven (7) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If Plaintiff fails to timely and fully comply with this Order, the Court may dismiss the matter without prejudice for lack of subject matter jurisdiction.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that by **February 3, 2015**, Plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each party. If Plaintiff fails to timely and fully comply with this Order, this matter may be dismissed without prejudice for lack of subject matter jurisdiction.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2015.