UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| IMPERIAL ZINC CORP., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:14-CV-01015-AGF |
| ENGINEERED PRODUCTS INDUSTRIES, L.L.C., et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Edward Ryan's motion (Doc. No. 59) to dismiss Plaintiff's complaint as to him for failure to state a claim. For the reasons set forth below, the motion will be granted.

# BACKGROUND

This action arises out of alleged contracts between Plaintiff and Defendant Engineered Products Industries, L.L.C. ("EPI") for the sale of zinc goods. Plaintiff alleges that EPI orally contracted with Plaintiff to purchase zinc goods on 14 occasions between July 8, 2013 and November 22, 2013, and that EPI breached the contracts by accepting the zinc goods without paying for them.

Plaintiff alleges that one of EPI's members and its manager is Defendant EFR, L.L.C. ("EFR"), and that Ryan is a member of EFR. Plaintiff does not allege that Ryan is a member of EPI, but Plaintiff does allege that, at all times relevant, both EFR and Ryan

served as officers and directors of EPI. Plaintiff's only claims against Ryan are pleaded in Counts II and III of its Third Amended Complaint.

In Counts II and III, Plaintiff alleges claims for breach of "trust relationship" and breach of fiduciary duty against EFR[1] and Ryan. In support of these claims, Plaintiff alleges that EPI was insolvent as of January 1, 2013, and that EFR and Ryan knew that EPI was insolvent on this date. Plaintiff further alleges that, due to its continuing insolvency, EPI was not a going concern and was incapable of doing business on and after July 7, 2013. Plaintiff alleges that, under Missouri law, because EPI was not a going concern, it was a de facto dissolved limited liability company, and that EFR and Ryan therefore held trustee-like positions for the benefit of—and owed fiduciary duties to—EPI's creditors, including Plaintiff. Plaintiff alleges that EFR and Ryan breached these duties by failing to cause EPI to wind-up its affairs and by allowing EPI to order more zinc goods from Plaintiff.

In his motion to dismiss, Ryan argues that as a member of EFR, he is neither liable for the debts of EPI nor a fiduciary of EPI's creditors, such as Plaintiff. Ryan argues that to hold him personally liable, Plaintiff would have to pierce the corporate veil of not only EPI, but also EFR. Ryan contends that Plaintiff has failed to plead a basis for such veil-piercing.

In response, Plaintiff argues that Ryan's motion should be stricken because it was filed after Ryan filed an answer to the complaint. Plaintiff also argues that the motion should be denied on the merits because Plaintiff has adequately pleaded a basis

---

[1] EFR has not moved to dismiss Plaintiff's complaint as to it.

for personal liability against Ryan without having to rely on veil-piercing. Plaintiff argues that under the Missouri case, *Drummond Co. v. St. Louis Coke & Foundry Supply Co.*, 181 S.W.3d 99 (Mo. Ct. App. 2005), when a company is insolvent and no longer a going concern, its officers and directors are placed in a trustee-like or fiduciary position for the benefit of all creditors. Plaintiff argues that it has adequately pleaded that EPI was insolvent and no longer a going concern on the relevant date, such that EFR and Ryan owed Plaintiff fiduciary duties, which they breached.

## **DISCUSSION**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Ryan filed this motion after filing his answer to the complaint. However, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Rule 12(c). Fed. R. Civ. P. 12(h)(2). The Court will therefore construe Ryan's motion to dismiss as a motion under Rule 12(c). "The distinction is purely formal as a motion under Rule 12(c) is reviewed under the standards that govern a Rule 12(b)(6) motion." *Goza v. City of Ellisville*, No. 4:15-CV-775 CAS, 2015 WL 4920796, at *2 (E.D. Mo. Aug. 18, 2015).

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the

plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

The parties do not dispute that Missouri law governs the claims here. "Missouri has rejected the concept that corporate directors are fiduciaries for creditors, even in the event of insolvency, and has held that directors are not individually liable to creditors, absent statutory authority or an intentional or fraudulent act." *Drummond Co.*, 181 S.W.3d at 104. Missouri recognizes an exception "in the limited situation where the corporation is not a going concern, but rather clearly going out of business or incapable of doing business, and . . . it is conclusively established that [the corporation] is insolvent." *Id.* "In such cases the corporation was effectively de facto dissolved, placing the directors and officers in a trustee-like position *for the equal benefit of all creditors*." *Id.* (emphasis added).

Plaintiff relies on this exception stated in *Drummond* as the basis for its claims against Ryan. But under this exception, an individual creditor does "not have standing to sue for a full individual recovery of the outstanding balance" owed. *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 879 (8th Cir. 2006) (discussing *Drummond* and affirming that the plaintiffs failed to state a claim thereunder because the plaintiffs were not suing on behalf of all creditors but seeking only individual recovery); *see also RehabCare Group East, Inc. v. Stratford Health Care Props., LLC*, No. 14–0886–CV–W–FJG, 2015 WL 5098303, at *4 (W.D. Mo. Aug. 31, 2015) (finding that because "no

intervening state court decisions or statutory amendments have affected the precedential value of *Stricker*," the plaintiffs did not have standing to proceed on their individual claims for breach of fiduciary duty against corporate officers).  Because Plaintiff seeks only individual recovery, the Court finds that Plaintiff does not have standing to proceed on its claims against Ryan for breach of trustee relationship or breach of fiduciary duty.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Edward F. Ryan's motion to dismiss is **GRANTED**.  (Doc. No. 59.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of November, 2015.