UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| IMPERIAL ZINC CORP., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:14-CV-1015-AGF |
| ENGINEERED PRODUCTS INDUSTRIES, L.L.C., et al., | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant EFR, L.L.C's motion (Doc. No. 70) for judgment on the pleadings. For the reasons set forth below, the motion will be granted.

# BACKGROUND

This action arises out of alleged contracts between Plaintiff and Defendant Engineered Products Industries, L.L.C. ("EPI") for the sale of zinc goods. Plaintiff alleges that EPI orally contracted with Plaintiff to purchase zinc goods on 14 occasions between July 8, 2013 and November 22, 2013, and that EPI breached the contracts by accepting the zinc goods without paying for them.

Plaintiff alleges that Defendant EFR, L.L.C. ("EFR") is a member and manager of EPI. Plaintiff alleges that, at all relevant times, EFR served as an officer and director of EPI. Plaintiff's only claims against EFR are pleaded in Counts II and III of its third amended complaint. (Doc. No. 32.)

In Counts II and III, Plaintiff alleges claims for breach of "trust relationship" and breach of fiduciary duty against EFR. In support of these claims, Plaintiff alleges that EPI was insolvent as of January 1, 2013, and that EFR knew that EPI was insolvent on this date. Plaintiff further alleges that, due to its continuing insolvency, EPI was not a going concern and was incapable of doing business on and after July 7, 2013. Plaintiff alleges that, under Missouri law, because EPI was not a going concern, it was a de facto dissolved limited liability company, and that EFR and others therefore held "trustee-like positions for the equal benefit of all of EPI's creditors, including [Plaintiff]." (Doc. No. 32 at 9). Plaintiff alleges that EFR breached these duties allowing EPI to order more zinc goods from Plaintiff "instead of winding-up EPI's affairs for the equal benefit of all creditors." *Id.* at 10.

In an earlier order, this Court granted the motion to dismiss of EFR's manager, Edward F. Ryan ("Ryan") on the same facts Plaintiff asserts here. *Imperial Zinc Corp. v. Engineered Products Indus., L.L.C.*, No. 4:14-CV-01015-AGF, 2015 WL 7571628 (E.D. Mo. Nov. 25, 2015). Plaintiff alleged that Ryan was also an officer and director of EPI at all relevant times, that he knew of EPI's insolvency, that he had a trustee-like relationship with and owed fiduciary duties to EPI's creditors, and that he breached that "trust relationship" and those fiduciary duties. Applying Missouri law, this Court granted Ryan's motion to dismiss for failure to state a claim on the ground that Missouri does not recognize the right of a creditor to sue for individual recovery against the director of a corporate entity absent statutory authority or an intentional or fraudulent act, which were not pled here.

Plaintiff asks this Court to reconsider its previous order. Plaintiff argues that contrary to the finding of the Eighth Circuit in *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875 (8th Cir. 2006), Missouri law does recognize the right of a single creditor to pursue breach of trust and fiduciary duty claims against the director of a debtor corporation.

## **DISCUSSION**

A motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings is subject to "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). To survive a motion to dismiss for failure to state a claim, Plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the Plaintiff's factual allegations as true and construe them in Plaintiff's favor, but it is not required to accept the legal conclusions the Plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

The parties do not dispute that Missouri law governs the claims in this diversity case. This Court is therefore bound by the decisions of the Supreme Court of Missouri, and if there is no decision on point, "we must predict how the court would rule, and we follow decisions from the intermediate state courts when they are the best evidence of

Missouri law." *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 883 (8th Cir. 2014) (internal citations omitted).

As a general rule, "Missouri has rejected the concept that corporate directors are fiduciaries for creditors, even in the event of insolvency, and has held that directors are not individually liable to creditors, absent statutory authority or an intentional or fraudulent act." *Drummond Co. v. St. Louis Coke & Foundry Supply Co*., 181 S.W.3d 99, 104 (Mo. Ct. App. 2005). Instead, "the relationship between a creditor and a corporation is that of contract, not one of trust." *Id*. at 103 (citing *Utley v. Hill*, 55 S.W. 1091, 1091 (Mo. 1900)).

To get around this rule, Plaintiff relies on dicta in *Drummond*, which suggests that "[e]arly Missouri cases do recognize directors' liability to creditors in the limited situation where the corporation is not a going concern, but rather clearly going out of business or incapable of doing business, and . . . it is conclusively established that [the corporation] is insolvent." *Id.* The *Drummond* case stated that "[i]n such cases the corporation was effectively de facto dissolved, placing the directors and officers in a trustee-like position *for the equal benefit of all creditors*." *Id.* (emphasis added). As this Court previously held, under this narrow exception, an individual creditor does "not have standing to sue for a full individual recovery of the outstanding balance" owed. *Stricker*, 436 F.3d at 879.

Plaintiff argues that *Stricker* incorrectly interpreted Missouri law. Plaintiff notes that in the late 19th and early 20th century cases on which *Drummond* relied, individual creditors were permitted to file claims against self-dealing directors, seeking to recover

- 4 -

funds or property which the director had improperly received. *Williams v. Jackson Cnty. Patrons of Husbandry*, 23 Mo. App. 132, 134 (1886) (payments were made to trustee and director in preference to the claims of other creditors); *Warren v. Mayer*, 143 S.W. 861, 862 (Mo. Ct. App. 1912) (distributions were made to the stockholders, including the director defendants, but creditors remained unpaid); *Banta v. Hubbell*, 150 S.W. 1089, 1089-92 (Mo. Ct. App. 1912) (a creditor brought claims against former directors/stockholders alleging fraudulent transfer of stock, but the company was found to be solvent); *Land Red-E-Mixed Concrete Co. v. Cash Whitman, Inc.,* 425 S.W.2d 919, 920 (Mo. 1968) (attempt by creditor and bankruptcy trustee to set aside the conveyance of two deeds to the relatives of the company president as fraudulent). None of these cases involved a claim for breach of fiduciary duty for the full amount claimed to be owed to the individual creditor by the corporation, as Plaintiff claims here.

The parties have not cited and the Court has not found a single Missouri case permitting a creditor to sue a corporate director for individual recovery of the outstanding balance owed on a breach of fiduciary duty or breach of trust theory as a result of the director's failure to wind up corporate affairs.

Instead, Missouri, like other states, simply recognizes that, at insolvency, creditors take on the position usually occupied by stockholders. *Roan v. Winn*, 4 S.W. 736, 737-38 (Mo. 1887) (finding that when a corporation is insolvent, "the beneficial interest of the stockholders clearly no longer exists . . . [i]n equity, as well as at law, the beneficial interest therein belongs to the creditors.") (citing *Williams*, 23 Mo. App. at 143-144). Missouri law is clear that an individual *stockholder* does not have standing to bring an

action for individual recovery against the corporation, even in the case where only some of the shareholders were injured. *See Peterson v. Kennedy,* 791 S.W.2d 459, 464 (Mo. Ct. App. 1990) (requiring a derivative action on behalf of all shareholders despite allegations that only minority shareholders were injured). As a policy matter, the Missouri Court of Appeals found that "[d]erivative suits protect creditor interests because any recovery goes to the corporation, not the shareholders." *Id.* Similarly, an individual creditor may not recover funds which should rightfully have been divided pro rata among all injured creditors. The injury is to the creditors as a class. Plaintiff's complaint in this case pleads as much. *See* Doc. No. 32 at 9 (alleging that under Missouri law, EFR and others held "trustee-like positions for the equal benefit of all of EPI's creditors, including [Plaintiff]"); *Id.* at 10-11 (alleging that EFR caused or allowed additional orders of zinc goods "instead of winding-up EPI's affairs for the equal benefit of all creditors").

A claim that individual directors of a de facto dissolved company hold trustee-like positions for the equal benefit of all creditors, and breached that trust, does not give standing to an individual creditor to sue directly. *Stricker*, 436 F.3d at 879. Courts in other jurisdictions have held the same. *See N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92 (Del. 2007) (holding that "individual *creditors* of an *insolvent* corporation have *no right to assert direct* claims for breach of fiduciary duty against corporate directors" in part because, in an insolvent corporation, "creditors take the place of the shareholders as the residual beneficiaries of any increase in value."); *Sanford v. Waugh & Co.*, 328 S.W.3d 836, 839 (Tenn. 2010) ("We hold that a creditor of

an insolvent corporation may not bring a direct claim, only a derivative claim, against officers and directors for breach of the fiduciary duties they owe to the corporation.").

Additionally, the Court has found no authority suggesting that Missouri courts would now hold to the contrary. *See RehabCare Grp. E., Inc. v. Stratford Health Care Props., LLC*, No. 14–0886–CV–W–FJG, 2015 WL 5098303, at *4 (W.D. Mo. Aug. 31, 2015) (finding that because "no intervening state court decisions or statutory amendments have affected the precedential value of *Stricker*," the plaintiffs did not have standing to proceed on their individual claims for breach of fiduciary duty against corporate officers). Because Plaintiff seeks only individual recovery, the Court finds that Plaintiff does not have standing to proceed on its claims against EFR for breach of trustee relationship or breach of fiduciary duty.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant EFR, L.L.C.'s motion for judgment on the pleadings is **GRANTED**. (Doc. No. 70.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2016.